ARNHEIM *v.* FINSTER and others.

*(Circuit Court, S. D. New York. July 1, 1885.)*

PATENTS FOR INVENTIONS—CAPS—REISSUES NOS. 7,807, 7,808—INFRINGEMENT—INJUNCTION.

Preliminary injunction refused because of doubt as to the validity of the reissued patent.

In Equity.

*C. Wyllys Betts* and *Frederic H. Betts,* for plaintiff.

*Gilbert M. Plympton,* for defendent.

WHEELER, J. *Marks* v. *Fox,* 18 Blatchf. 502, S. C. 6 FED. REP. 727, upon this same patent, reissue No. 7,807; division A, and No. 7,808, division B, granted to Marcus Marks, July 24, 1877, on surrender of original No. 166,395, dated August 3, 1875, for an improvement in caps, would be ample authority for granting this motion for a preliminary injunction, if that decision was to be followed now. It would, of course, be implicitly followed but for the decisions of the supreme court upon reissued patents made since. That such a case might have been decided differently in the light of those decisions, is recognized in *Coon* v. *Wilson,* 113 U. S. 268; S. C. 5. Sup. Ct. Rep. 537. This motion must be passed upon in view of these later cases. The original patent was for a head covering, as a whole, consisting of a crown, a forward band, and rearward neck-protector, moving up and down, at pleasure. The original application was for a patent for the combination of the neck-protector with the body of the cap, without including the forward band. The application was rejected on references to anticipating devices, with a suggestion that the forward band be included. Thereupon the claim was amended, according to the suggestion, by the solicitor of the applicant, and the patent was issued. The alleged infringement does not have the forward

band, which the patentee, under the direction of the patent-office, made material in the original patent, and would not infringe that. *Fay* v. *Cordesman*, 109 U. S. 408; S. C. 3 Sup. Ct. Rep. 236. If it infringes the reissue, the infringement must be of the combination without the forward band, which was applied for and rejected, and the rejection acquiesced in. What was so given up by the applicant was effectually disclaimed and surrendered to the public, (*Mahn* v. *Harwood*, 112 U. S. 354; S. C. 5 Sup. Ct. Rep. 174;) unless there is something to distinguish this case in this respect from that. The patentee appears to have been ignorant of the rejection and change of claim until shortly before the reissue. Had he known of the rejection he might, and probably would, have pursued a different course from what the solicitor took for him. It is argued that therein was a sufficient mistake to allow of a restoration of the original claim by a reissue as a correction. But there was no mistake in the presentation of the original claim. No part was left out or varied, by any misunderstanding between the inventor and the draughtsman of his applicacation. He succeeded in applying for exactly what he wanted. The patent-office acted upon his application understandingly and in due course. The mistake, if any, lay between him and the solicitor in not prosecuting the application in the direction of an appeal. This does not appear to be such a mistake as would allow him to resume what the records of the patent-office would show he had for so long a time left surrendered. These considerations make the validity of the reissue in respect to this infringement too doubtful to warrant a preliminary injunction.

Motion denied, and provisional stay of proceedings vacated.